UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BRIAN D. KRULL,

    Plaintiff,

v.                                               CAUSE NO. 3:19-CV-881-DRL-MGG

MATTHEW HASSEL, *et al.*,

    Defendants.

OPINION AND ORDER

Brian D. Krull, a prisoner without a lawyer, filed a complaint. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In the complaint, Mr. Krull alleges, on January 17, 2019, he was arrested but that he did not receive a timely initial hearing or probable cause affidavit. He filed a motion to be released from custody and complained to Judge Robert Bowen about his public defender, but the motion was denied. Based on these allegations, Mr. Krull asserts claims against Judge Bowen and Prosecutor Tami Napier.

A judge has absolute immunity for any judicial actions unless the judge acted in absence of all jurisdiction." *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011). "A judge will not be deprived of

immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). "Section 1983 lawsuits against individuals require personal involvement in the alleged constitutional deprivation to support a viable claim." *Palmer v. Marion Cty.*, 327 F.3d 588, 594 (7th Cir. 2003). Because Mr. Krull asserts a claim against Judge Brown in connection with his judicial duties, judicial immunity applies, and he cannot proceed against Judge Brown. Further, because Mr. Krull does not explain how Prosecutor Napier was personally involved with his claims, he cannot proceed against Prosecutor Napier.

Mr. Krull asserts a claim against Sheriff Matthew Hassel and describes various conditions of his confinement at the Marshall County Jail, including lack of sanitation, overcrowded conditions, and lack of religious services. "[T]he Fourteenth Amendment's Due Process Clause prohibits holding pretrial detainees in conditions that amount to punishment." *Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 856 (7th Cir. 2017). "A pretrial condition can amount to punishment in two ways: first, if it is imposed for the purpose of punishment, or second, if the condition is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the government action is punishment." *Id.* Though Mr. Krull names Sheriff Hassel as a defendant, he does not describe how he violated his constitutional rights or how he was personally involved with his claims. Therefore, he may not proceed on this complaint.

Nevertheless, Mr. Krull may file an amended complaint. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). If he chooses to file an amended complaint, he should obtain the court's approved form from the jail law library, and he must put the case number of this case on it, which is on the first page of this order. He must describe his interactions with each defendant in detail, including names, dates, location, and explain how each defendant was responsible for harming him.

For these reasons, the court:

(1) GRANTS Brian D. Krull until **December 2, 2019** to file an amended complaint; and

(2) CAUTIONS Brian D. Krull that, if he does not respond by that deadline, this case will be dismissed without further notice.

SO ORDERED.

November 5, 2019                    *s/ Damon R. Leichty*
                                    Judge, United States District Court